IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No._____ |
| McCLINTOCK DAIRY, LLC,<br>ESTATE OF GARY McCLINTOCK,<br>STEVEN McCLINTOCK and<br>JEFFREY McCLINTOCK, | : |
| Defendants. | : |

COMPLAINT FOR MONEY JUDGMENT
AND POSSESSION OF CHATTEL

COMES NOW, the United States of America, by the Honorable Rod J. Rosenstein, United States Attorney, and Larry D. Adams, Assistant United States Attorney, for the District of Maryland, and complains against the defendants as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 7 U.S.C. § 1981.

2. The plaintiff is the United States of America, acting through the Farm Service Agency ("FSA"), United States Department of Agriculture, with an office at 339 Busch's Frontage Road, Suite 104, Annapolis, Maryland 21409.

3. That the defendant McClintock Dairy, LLC, is a Maryland limited liability corporation, with a business address of 1300 Pigs Ear Road, Grantsville, Maryland 21536.

1

4. That the defendant, Estate of Gary McClintock, is represented by Sandra L. McClintock, personal representative, with a notice address of 1300 Pigs Ear Road, Grantsville, Maryland 21536.

5. That the defendant, Steven McClintock, is an adult individual who resides at 2134 Devils Half Acre Road, Accident, Maryland 21520.

6. That the defendant, Jeffrey McClintock, is an adult individual who resides at 1103 Williams Road, Grantsville, Maryland 21536.

7. On or about June 20, 2003, McClintock Dairy, LLC (hereinafter "LLC Defendant"), borrowed the sum of $200,000.00 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921, *et seq.* The loan is evidenced by a Promissory Note of that same date. A copy of the Promissory Note is attached hereto as Exhibit A.

8. On or about June 20, 2003, Defendants Estate of Gary McClintock, Steven McClintock and Jeffrey McClintock (hereinafter collectively referred to as "Individual Defendants") all executed the Note as individuals, thereby accepting personal liability for the repayment of the Note attached as Exhibit A.

9. The loan was secured by chattels as evidenced by a Security Agreement dated June 9, 2003 and executed by LLC Defendant and Individual Defendants. This Security Agreement, which is attached hereto as Exhibit B.

10. In order to perfect FSA's security interest in the collateral described in Exhibit B, LLC Defendant and Individual Defendants delivered financing statements to FSA, which were filed on or about May 23, 2003, and continued on April 18, 2008, in the financing records of the Maryland State Department of Assessments and Taxation, copies of which are collectively attached hereto as Exhibit C.

11. In order to perfect FSA's security interest in certain motor vehicles described in Exhibit B,

FSA had its lien documented on the Maryland Notice of Security Interest Filing for each of the vehicles, copies of which are collectively attached as Exhibit D.

12. FSA has a valid, perfected, first priority security interest in all of the items described in Exhibit B.

13. LLC Defendant and Individual Defendants have failed or refused to repay the loans evidenced by Exhibit A, and are therefore in default under the aforesaid Promissory Note and Security Agreement. LLC Defendant and Individual Defendant's indebtedness for this loan was accelerated on December 9, 2010. The acceleration notices are collectively attached hereto as Exhibit E.

14. Under the terms of the Security Agreement attached hereto as Exhibit B, upon default "Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) as designated by Secured Party, and (b) waives all notices, exemptions, compulsory position and redemption rights."

15. Upon information and belief, LLC Defendant and Individual Defendants are in possession of the collateral described in Exhibit B without the consent of FSA. They have previously and wrongfully refused to turn over said collateral to FSA.

16. FSA is entitled to have immediate possession of all collateral described in Exhibit B, and to sell said collateral and apply the proceeds thereof to reduce the aforesaid loan indebtedness.

17. The balance due and owing FSA on account of the aforesaid loan as of February 6, 2013, is $46,342.87, and $123.79 in interest, for a total of $46,466.66, and accruing interest thereafter at the daily accrual rate of $4.1264. A certified statement of indebtedness is attached hereto as Exhibit F.

WHEREFORE, the United States demands the following:

1. Judgment against LLC Defendant and Individual Defendants in the amount of $46,466.66, plus interest at the daily accrual rate of $4.1264 to the date of judgment, and interest at the legal rate thereafter until the date of payment.

2. An order requiring LLC Defendant and Individual Defendants to make available all farm equipment, livestock and crops and permitting FSA to take possession of the collateral and to dispose of it in accordance with the terms of the Security Agreement and the Uniform Commercial Code; that the net proceeds of said sale be applied first towards the payment of the costs of said sale and then towards the payment of FSA's judgment; and that FSA have and retain a deficiency judgment against LLC Defendant and Individual Defendants in the event that the net sale proceeds, exclusive of costs, are less than the sum of FSA's entire judgment.

3. The costs of this action; and

4. Such other and further relief as the Court deems just.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: *Larry D. Adams*
Larry D. Adams (Bar No. 03118)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland  21201
410-209-4800