```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


United States of America      *
                              *
v.                            *    Civil Action No. WMN-13-3854
                              *
McClintock Dairy, LLC         *
et al.                        *
                              *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is the United States' Motion for Summary Judgment. ECF No. 16. The motion is fully briefed and ripe for review. Upon a review of the papers, facts, and applicable law, the Court determines (1) that no hearing is necessary, Local Rule 105.6, and (2) the motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The United States, on behalf of the Farm Service Agency (FSA), an agency of the Department of Agriculture (USDA), instituted this action to foreclose its security interest in property against the borrowers, McClintock Dairy, LLC, Steven McClintock, Jeffrey McClintock, and the Estate of Gary McClintock (Collectively "McClintock Dairy").

In 2003, McClintock Dairy, LLC secured a $200,000 direct operating loan from the FSA pursuant to the Consolidated Farm and Rural Development Act (Act), 7 U.S.C. § 1921 et seq. The individual defendants each personally executed the FSA loan

promissory note in their individual capacities.  On May 23, 2003, the FSA filed a financing statement with the Maryland State Department of Assessments and Taxation, and renewed the statement as recently as April 30, 2013.  The FSA executed a security agreement on June 9, 2003, including as collateral crops, livestock, chattels, accounts, contract rights, and general intangibles.  It also filed a lien against motor vehicles included in the security agreement.

The security agremeent stated that "[d]efault shall exist under this instrument if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this instrument. . . ."  ECF 1-2 at 7.  Upon default, FSA may "[d]eclare the unpaid balance on the note and any indebtedness secured by this instrument immediately due and payable, (b) enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law."  Id.

Although McClintock Dairy made payments on the loan, it eventually fell behind and sought Chapter 11 bankruptcy on January 3, 2007.  At that time, the FSA and McClintock Dairy entered into a stipulation during bankruptcy proceedings that

McClintock Dairy would make a monthly payment of $2,701 beginning January 2008 to discharge the remaining $96,100 on the FSA loan.  Under the stipulation, both parties affirmed the validity of the existing security agreement and eight prior discontinued monthly payments were cured.  Then, in November 2009, the FSA sent notice of its intent to collect by administrative offset.  Over McClintock Dairy's objection, the FSA collected payments due from the IRS, and two funds run through the USDA: the Milk Income Loss Contract; and Direct and Counter-Cyclical Payment Program.

    Concurrently, the FSA began the default and acceleration process by advising McClintock Dairy of the availability of programs for delinquent debtors and providing sixty days to apply for primary loan servicing.  It sent its Intent to Accelerate notice on January 21, 2010, to which McClintock Dairy requested reconsideration.  The FSA denied the request, finding that McClintock Dairy failed to file a complete application for primary loan servicing.  McClintock Dairy then requested mediation, but the Maryland Agricultural Conflict Resolution Service (ACReS) was unable to get in touch with McClintock Dairy after repeated attempts.

    FSA then accelerated the loan on December 9, 2010, for the remaining $55,813.26 owed based on $19,969.58 of delinquent payments.  As of June 11, 2014, the outstanding balance was

$43,097.64.  The FSA states that it now holds a valid first priority security interest with respect to all collateral under the FSA loan and filed this action to enforce a money judgment and take possession of collateral.  The United States has now moved for summary judgment as to all claims.[1]

## II. LEGAL STANDARD

Summary judgment is appropriate if the record before the court "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 377 U.S. 317, 322-23 (1986).  See also Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (noting that trial judges have "an affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial" (internal quotation marks omitted)).  A fact is material if it might "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In determining whether there is a genuine issue of material fact, the Court "views all facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party."  Housley v. Holquist, 879 F. Supp. 2d 472, 479 (D. Md.

---

[1] The United States did not provide a proposed order with its motion for summary judgment.  If it believes that some further order is required, the United States may provide a proposed order within ten days of this order.

2011) (citing <u>Pulliam Inv. Co. v. Cameo Properties</u>, 810 F.2d 1282, 1286 (4th Cir. 1987)).

### III. DISCUSSION

As there is no dispute of material facts that the United States has a valid security interest and McClintock Dairy has defaulted on its loan obligations, the Court will grant the United States' motion for summary judgment.  Government security interests are controlled by the commercial law of each state. <u>United States v. Kimbell Foods, Inc.</u>, 440 U.S. 715, 733 (1979). Under Maryland law, a secured party may reduce a claim to judgment upon a debtor's default.  Md. Code Ann., Com. Law § 9-601.  An interest in collateral is perfected when the creditor gives value to collateral in the debtor's possession, there is an authenticated record, and the secured party files a financing statement.  <u>Id.</u> § 9-308.

All parties agree that McClintock Dairy and the McClintock family signed the promissory note.  They also agree that the note was secured by an interest in collateral.  And there is no dispute that McClintock Dairy is in default.  The United States has also demonstrated that it complied with all administrative formalities in accelerating the loan.

McClintock Dairy's arguments to undermine the contract's formation are unavailing.  First, it argues that the true intent of the loan was to buy cows rather than discharge debt; however,

documentation made in anticipation of the loan clearly shows that use of the loan to pay off pre-existing debts was contemplated and desired by McClintock Dairy.  Second, McClintock Dairy argues that the loan went against FSA's own regulations, yet an FSA loan to refinance debts was clearly authorized under the federal regulation in place at the time of the loan issuance.  7 C.F.R. § 1941.16(i).  Furthermore, McClintock Dairy affirmed the validity of the loan a full five years after entering into the loan when it entered into the stipulation with the FSA during bankruptcy.  McClintock Dairy's failure to provide any evidence to suggest a misrepresentation on the part of the United States or collusion between First United and the FSA fails to raise a material dispute of fact.  See Anderson, 477 U.S. at 248 (stating that the nonmoving party must provide "sufficient evidence supporting a claimed factual dispute").  As such, the United States is entitled to summary judgment as a matter of law.

**IV. CONCLUSION**

For the reasons stated above, the Plaintiff's Motion for Summary Judgment will be granted.

```
                    _____/s/_____
                    William M. Nickerson
                    Senior United States District Judge
```